My name is Marie Andrade. I am here on behalf of the petitioner Andres Barrera-Flores, a gentleman who's lived in the United States since 1978, who's been a lawful permanent resident for 19 years, who is currently detained in Eloy, Arizona. I don't understand where we get our jurisdiction to do anything. It looks as though the BIA reviewed the hardship determination de novo. They treated him as eligible, and then they said that the negatives from his drug conviction outweigh the positives from whatever benefits to his family he provides. And they also considered his prior hit and run. We might or might not disagree with their weighing, but Congress says we have no jurisdiction to re-weigh. We have no jurisdiction even to consider a petition that's based on their discretionary decision. So how do we get jurisdiction? Get jurisdiction with regard to the weighing of hardships. We're not here saying that we disagree with the way the hardships were weighed. We're here, or that there should have been more weight given to one hardship factor versus the other. What we're saying is that the analysis, the way in which hardship was measured was legally incorrect, because what the judge, a proper measure of hardship Let's say you're right. I still don't understand how that gets around the jurisdiction limitation in the statute. Because it's illegal. This court discussed in Alvarez-Figueroa that the understanding of what is hardship is a legal question. And in that case, it was a bit clearer. In that case, the court had looked only at the present situation of the family hardships at the time, without looking at what would happen in the future. And this court said, what is hardship is future-based, and that's a legal question. Likewise, what we're saying is to understand fully the measure of hardships. You can't compare the family dynamics from this limited little slice of this man's life, which is his temporary detention, and compare that to what the family life would be like if he's removed. Because we can see that it's analogous. Those two situations. But what the judge, a proper measure of hardship, would look at the entirety of the petitioner's life, and look at his role as a father and a provider, so that you can compare removal and the absence of the person from the family unit to what the whole dynamics of the family life was before that. Counsel, I think your argument is a very subtle and nuanced one, but I'm having a very difficult time reconciling it with the language of our cases that say we don't have jurisdiction to review where the attack on the hardship determination is really cloaked in a claim of a due process violation. I read the record, and the record shows that all of this evidence was before both the IJ and the BIA. They clearly looked at it. I think your argument is, well, they should have really spent more time talking about it, as opposed to what they said. But I'm having the same problem Judge Kleinfeld is having. That really strikes me as reweighing the hardship determination, not finding a due process violation. Well, the Board of Immigration Appeals, what they did is they misunderstood and didn't look any further. They misunderstood the claim, just as the government had in the briefing here, and that is it's more akin, measuring of hardship is more akin to a legal test of what hardship is, what is the world of hardship than it is. It's an intensely fact-driven determination. I mean, I guess there's a legal connotation to the concept of hardship, but the problem is the statute says it's the Attorney General or the Secretary of Homeland Security who makes that call, and it is based on the evidence of the alien's family. And that was all before the trier of fact, if you will. And the trier of fact for this situation, we're not saying that we disagree that the amount of, you know, what's in the hardship bucket is not, you know, how much weight he gave it. What we're saying is that by limiting his evaluation only to what were the family dynamics during this time he was detained. But I don't – that's why – oh, go ahead. When you say limiting it, you mean because these factors were not specifically discussed in the decision? Is that what you mean? That's part of what I mean. And I realize that – Are you saying, like, the IJ's got to sort of make a verbatim, you know, repeat the, you know, everything that's testified to it? No, Your Honor. In order to show that, you know, that factor's been considered? No, Your Honor. This case has the added – Well, I know it's – I'm getting back to Judge Tallman's question, see, well, all this is in the record. And, of course, if it weren't in the record, you wouldn't have an argument. But all this is in the record, and a number of the factors were discussed. And I agree with you, every factor, you know, was not expressly discussed. But I think what you're saying is the decision has to be much more detailed. Is that what your argument amounts to? Not that it's – not that it would have to be more detailed, but in this particular case where we also – another one of our claims that we briefed is that there was significant documentary evidence that was nowhere considered – that we can see considered at all. And with respect to Your Honor's comment, it would have been helpful, yes, if he had made some reference to it. But we – but what those documentary evidence included was the evidence of what the gentleman's family life was before. Wasn't that all introduced as exhibits and admitted into evidence? It was, Your Honor. So how can you say it wasn't considered? You'd have a much stronger argument if it was proffered and the immigration judge refused to admit it into evidence and said, I'm just not going to look at that. I refuse to consider it. I really think your argument is, as Judge Tashima just articulated it, well, the real problem here is that the IJ just didn't specifically discuss each and every piece of evidence that you're urging us amounts to a due process violation. And I don't know of any case that holds that the IJ is required to do that. I'm not aware of any case that says that either, Your Honor. Why wouldn't we do this? Your argument puts me in mind of a case I once lost where I told the Superior Court Judge, Your Honor, you may have not considered this and this, something I found that I wanted him to consider. And he said, I've considered that. Well, he hadn't said he'd considered that, but he had. And what I'm thinking is, if it's in the evidence or it's in the argument, just assume the judge considered it. And in order to get out of that, what you'd have to show is the judge saying, I'm not considering that, which they sometimes do. Well, the Board, which asserted and said it was doing de novo review and attempted to point to areas in the record where it said, look, the evidence was considered. We don't need to presume, we don't need to apply the presumption in the LARITA that all of the evidence was considered because the Board of Immigration Appeals made a specific reference in its decision, dropped a footnote that said, here, look here, this is where they considered the evidence. And the evidence there is not, the citations don't match up. I just don't see how we can find the negative when the evidence is in the record and it's before the decision-maker and you have no affirmative evidence that the decision-maker refused to consider it or excluded it. That would be a due process violation. Otherwise, I think you're just asking us to re-weigh the evidence here. Well, I would like the Court to consider in total the other element of this case, which perhaps makes it easier for the Court to consider that, or to accept that it wasn't considered, and that is that from the get-go, this was a judge who believed that my client was an aggravated felon, who believed that he was someone who could never come up with enough equities to show that he merited relief. And although, and he did so, he had to know and hold that opinion, either at the beginning of the trial, before it started, or made up his mind at the end. In the course of the trial, he had full briefing on this issue months before we went to trial, and although he said, I'm going to save time and I'm going to give you a ruling on the aggravated felony issue and I'm going to hold this other hearing in the future. Didn't he alternatively find that even if he wasn't an aggravated felon, he was still convicted of an offense that involved controlled substance, which drives the discretionary determination that you're challenging? He did say that he held an alternative hearing, but I think if you, you know, a review of the full record shows that he was not capable of insulating his determination and his belief that this guy was a drug trafficker, and he wasn't the type of person that Congress ever intended to give this relief to, and therefore implicitly held him to a ridiculous imperative. You often can't think of a case where it could come out the other way until you get the case where it should come out the other way. I'm sorry, I didn't understand. Well, sometimes suppose that some crime appears to be really horrible and you say, gee, I can't imagine a case where a person wouldn't be entitled to life imprisonment and nothing less, and then some oddball case comes along where the right sentence is something less. Thank you. I'll reserve my two seconds. I mean, I don't understand the argument. As to the aggravated felony issue, my argument… There's a categorical decision here as opposed to a discretionary one. A categorical decision that he was an aggravated… And I think that's what you're saying. That he was an aggravated felon. Yes, there was. No, a categorical decision that no aggravated felon is going to get relief no matter what. I think that's your argument. That's decided by the act, that they're statutorily ineligible. Eligibility. Right. So when he was regarding my client… I think you're… I'm sorry, I misspoke. I think you're trying to say that the BIA wasn't going to give relief to somebody with drug crimes like this no matter what. That they weren't really exercising discretion. Or did I misunderstand your argument? Yes, you misunderstand a small portion. Because of the immigration's preconceived notion and prejudging of my client, that he was put in a position where he was trying to meet his burden that he merited relief, but he wasn't ever going to be able to because of the judge's bias from the get-go. You're saying he was so tainted by his view that he was an aggravated felon that even though he said, alternatively, I find controlled substance offense, therefore I exercise my discretion and deny relief. He didn't really mean it. Exactly. And I think if you look at the record with the multiple references calling him nothing, never saying that he only did anything less than sell or traffic drugs, and the fact that he had all the briefing and he declined to make that legal determination before we began the hearing, really suggests that he either had his mind made up from the get-go or he did so in the hour-to-hour trial that we had. Thank you. Thank you, Counsel. Good morning, Your Honors. May it please the Court, Christopher McDonald on behalf of the U.S. Attorney General. This Court lacks jurisdiction to review the Board of Immigration Appeals purely discretionary determinations, and it also lacks jurisdiction to review petitions for review by criminal aliens. In either scenario, of course, there's an exception where there is a colorable question of law or a constitutional claim, but respectfully, Mr. Barrera presents neither. Do you need all that? Excuse me? Do you need all that? No. I think that a plain reading of the Board of Immigration Appeals decision, the five-page decision in this case, was fairly rare. Do you need any more to prevail than the proposition that we review the BIA, not the IJ, because the BIA made an independent decision? Yes. The BIA made a discretionary decision about hardship, assuming for purposes of its decision that Barrera Flores was eligible, and it decided against him. Do you need any more than that? This was a purely discretionary determination, and we are reviewing the Board of Immigration Appeals decision as the final order of removal, and that is the government's position. If the Court doesn't have any questions for me, I can submit. Thank you, Counsel. Barrera Flores is submitted.
judges: Kleinfeld, Tashima, Tallman